UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

AARON L. HIGHTOWER and           :
RAHMELL D. HIGHTOWER             :
                                 :
         Plaintiffs,             :
                                 :        Case No. 2:14-cv-100
     v.                          :
                                 :
LEWIS HATCH.                     :
                                 :
         Defendant.              :

## Opinion and Order

Plaintiffs Aaron Hightower and Rahmell Hightower move to remand this case to state court because, they argue, the Court does not have subject matter jurisdiction.  ECF No. 8. Plaintiffs also seek attorney's fees if remand is granted because removal was not objectively reasonable.  For the following reasons, Plaintiffs' Motion to Remand and request for attorney's fees are **denied**.

## I.   Background

Plaintiffs initially filed their complaint in Vermont Superior Court on April 11, 2014.  Defendant Trooper Lewis Hatch removed the case to this Court on May 12, 2014.

Plaintiffs assert various claims in connection with two traffic stops in which Hatch allegedly strip searched and molested Plaintiffs.  Their claims include: 1) unlawful arrest, 2) unreasonable search, 3) violation of substantive due process,

4) violation of equal protection, 5) state law assault, 6) state law battery, and 7) state law false imprisonment.

## II.  Removal

### A. Legal Standard

Any civil action brought in state court over which the district courts have original jurisdiction may be removed to district court.  28 U.S.C. § 1441.  The district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331.  "A case arises under federal law within the meaning of the general federal-question statute only if the federal question appears from the facts of the plaintiff's well-pleaded complaint."  *Atherton v. Orleans Cnty. Sheriff's Dep't*, No. 2:14-CV-14, 2014 WL 5304639, at *4 (D. Vt. Oct. 16, 2014).

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper."  *Hubacz v. Vill. of Waterbury, Vt.*, No. 2:14-CV-134, 2014 WL 4060314, at *3 (D. Vt. Aug. 14, 2014) (quoting *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994)).  Federal courts are courts of limited jurisdiction so any doubts as to removability are resolved against removability.  *Id.*

**B. Discussion**

Plaintiffs argue that their complaint alleges causes of action "arising exclusively under Vermont's Constitution." ECF No. 8 at 1. However, Plaintiffs' statement is belied by clear language referring to federal law and the U.S. Constitution in the complaint. For example, in a section entitled "Jurisdictional Allegations" the complaint states, "Damages are sought under 42 U.S.C. § 1983, 1988 for violations of Plaintiffs' rights under the Constitution of the United States." Compl. ¶ 2. In a section entitled "Constitutional Allegations," Plaintiffs quote the Fourth and Fourteenth Amendments of the U.S. Constitution, state that the right to be free from unreasonable strip searches is clearly established law, and then cite both a federal case and a state case. *Id.* ¶¶ 7-8, 12. Within the individual claims, Plaintiffs state "Plaintiffs suffered deprivation of the privileges and immunities guaranteed to citizens by the Constitution of the United States," *id.* ¶¶ 70, 84, the strip search "is so clearly unjustified by any legitimate public safety objective it violates Plaintiffs' substantive rights under the Fourteenth Amendment of the United States Constitution," *id.* ¶ 89, the strip search "is so egregious it shocks the conscience and interferes with rights implicit in the concept of ordered liberty in violation of substantive due process guaranteed by the Fourteenth Amendment

3

of the United States Constitution," *id*. ¶ 90, and "Plaintiffs were denied liberty and protection under State and Federal law," *id.* ¶ 91.

These allegations demonstrate that Plaintiffs' claims "aris[e] under the Constitution, laws, or treaties of the United States," and could have originally been filed in federal court. Removal, therefore, was entirely proper.  28 U.S.C. §§ 1331, 1441.

## III. Supplemental Jurisdiction

### A. Legal Standard

District courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  In determining whether the claims form part of the same case or controversy the Court asks whether they "share a common nucleus of operative fact" and whether the plaintiff "would ordinarily be expected to try them all in one judicial proceeding."  *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011)(quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

A court may decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of state law, if it substantially predominates over the claim or claims over

which the district court has original jurisdiction, if the court
has dismissed all claims over which it has original
jurisdiction, or, in exceptional circumstances, if there are
other compelling reasons for declining jurisdiction.  28 U.S.C.
§ 1367(c).  Supplemental jurisdiction is a doctrine of
discretion, not of plaintiff's right.  *Handverger v. City of
Winooski,* No. 1:08-CV-246, 2009 WL 1564181, at *2 (D. Vt. June
3, 2009).  "A district court may decline to exercise
supplemental jurisdiction over state law claims depending on
such factors as the circumstances of the particular case, the
nature of the state law claims, the character of the governing
state law, and the relationship between the state and federal
claims."  *Id.* at *3.

   **B. Discussion**

   Defendant argues that the Court should exercise
supplemental jurisdiction over Plaintiffs' state law claims.  As
an initial matter, the parties dispute whether Plaintiffs'
complaint properly alleges claims under Articles 4 and 11 of the
Vermont Constitution.  Assuming without deciding that the
complaint could be construed to allege state constitutional
claims, it appears that all of Plaintiffs' claims arise out of
the same two incidents.  Plaintiffs provide no argument as to
why they do not arise from the same operative facts or why they
would not naturally be tried simultaneously.  The Court is

persuaded that all of Plaintiffs claims form a single case or
controversy sufficient for the Court to exercise supplemental
jurisdiction.

Plaintiffs argue that their state constitutional claims
raise novel or complex issues of Vermont law because the Vermont
Supreme Court has not yet addressed whether Article 11 supports
a direct claim for money damages. *Stevens v. Stearns*, 175 Vt.
428, 435 (Vt. 2003). When the issue was last raised, the
Vermont Supreme Court declined to decide whether its precedents
supported such a claim. *Id.* at 436. However, the court has
clearly articulated that Article 4 does not create substantive
rights. *Shields v. Gerhart*, 163 Vt. 219, 223 (1995).

Plaintiffs also note that a state is permitted to offer
broader protections under its constitution than the U.S.
Constitution provides. However, they then argue that this means
that the Vermont Superior Court alone possesses jurisdiction on
all civil damages claims for violations of the state's
constitution. This is a misstatement of the law. Federal
courts frequently exercise supplemental jurisdiction over civil
damages claims for alleged violations of Vermont constitutional
rights. Plaintiffs seem to be suggesting that the state court
system should be given another opportunity to consider the issue
of a private right of action under Article 11.

Defendant counters that Plaintiffs' state constitutional claims do not raise novel or complex issues of law because this Court has already determined that the claims, if they are indeed properly alleged, are not presently cognizable under state law. *See Billado v. Parry*, 937 F. Supp. 337, 345 (D. Vt. 1996) ("The Vermont Supreme Court has held that no private right of action is available to enforce Article[] 4 . . . of the Vermont Constitution." ); *McGee v. Pallito*, 1:10-cv-11, 2011 ("With respect to . . . Article[] 11 . . . there is no Vermont case law supporting a private right of action . . . ."). While the Court has previously held that there is no private right of action under Article 4, in *McGee* the Court noted that no private right of action had yet been recognized. Even if the question of whether such a right exists under Article 11 is novel, the Court nevertheless chooses to exercise its supplemental jurisdiction as a matter of its discretion since this claim is one of many and closely relates to Plaintiffs' analogous claims under the Fourth Amendment.[1]

---

[1] Plaintiffs' reference to 42 U.S.C. § 1983 as an enabling statute is misplaced because the Vermont Supreme Court could decide that Article 11 is self-executing in the future. *Shields,* 163 Vt. at 223 ("[T]he absence of legislative enabling statute cannot be construed to nullify rights provided by the constitution if those rights are sufficiently specified."). Moreover, section 1983 applies to violations of the U.S. Constitution and federal law, not state law.  *See Mathews v. Pallito*, No. 5:12-CV-58, 2014 WL 4805333, at *7 (D. Vt. Sept. 26, 2014) ("The purpose of § 1983 is to deter state actors from

Moreover the Court finds that none of the other reasons a court may decline to exercise supplemental jurisdiction apply in this case.   In fact, it would be a more efficient use of judicial resources to try all of Plaintiffs' claims in one proceeding since they all seem to arise from the same two incidents.

Accordingly, Plaintiffs' Motion to Remand is denied. Plaintiffs' request for attorneys' fees is also denied because removal was objectively reasonable in this case.

Finally, the Court notes that Plaintiffs have not yet responded to Defendant's Motion to Dismiss now pending before the Court.   ECF No. 4.   The Court presumes Plaintiffs were waiting to respond because they believed the Court did not have jurisdiction to decide Defendant's motion.   The Court gives Plaintiffs thirty days from the date of this opinion to file an opposition to Defendant's Motion to Dismiss.

Dated at Burlington, in the District of Vermont, this 7th day of November, 2014.

                            /s/ William K. Sessions III
                            William K. Sessions III
                            District Court Judge

---

using the badge of their authority to deprive individuals of their *federally* guaranteed rights and to provide relief to victims if such deterrence fails.") (emphasis added) (quoting *Wyatt v. Cole*, 504 U.S. 158, 1661 (1992)).